IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOHN A. ANDERSON, ) | |
| Petitioner, ) | Civil Action No. 7:17-cv-00274 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JOHN F. WALRATH, ) | United States District Judge |
| Respondent. ) | |

**MEMORANDUM OPINION**

John Anderson, a Virginia inmate proceeding by counsel, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement on a judgment by the Appomattox County Circuit Court. Respondent filed a motion to dismiss, and Anderson responded, making the matter ripe for disposition. After review of the record, the court grants the motion to dismiss.

I. BACKGROUND

On April 7, 2015, Anderson pleaded guilty, pursuant to a plea agreement, to a marijuana possession misdemeanor charge and six felonies: possession of a firearm while in possession of a Schedule I or II drug, possession of methamphetamine with intent to distribute, possession of Adderall, possession of amphetamine/dextroamphetamine, and two counts of possession of a firearm by a convicted felon. The trial court imposed a $50 fine for the misdemeanor and sentenced Anderson to twenty-five years' imprisonment for the felonies, with seventeen years suspended. Anderson did not appeal.

However, Anderson did file a state habeas petition, in the Appomattox County Circuit Court, alleging a single claim: that trial counsel misadvised him to plead guilty by erroneously telling him that, if he declined the Commonwealth's plea offer, he would be exposed to

additional charges with a potential mandatory minimum aggregate sentence of twenty-to-twenty-five years. The circuit court denied his petition, and the Supreme Court of Virginia refused review.

Anderson then filed the current petition for a writ of habeas corpus, raising the same claim as in his state petition.

Respondent acknowledges that Anderson's petition is timely and properly exhausted, but moves to dismiss the petition as without merit.

## II. STANDARDS OF REVIEW

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

(1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).[1] Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*,

---

[1] "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (citing *Wright v. West*, 505 U.S. 277, 287 (1992)).

562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "In reviewing a habeas petition, federal courts must presume the correctness of a state court's factual determinations unless the habeas petitioner rebuts the presumption of correctness by clear and convincing evidence." *Green v. Johnson*, 515 F.3d 290, 299 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)).

Meanwhile, to state a constitutional claim for ineffective assistance of counsel, a petitioner must satisfy the two-pronged *Strickland v. Washington* test by showing (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). "Judicial scrutiny of counsel's performance must be highly deferential," *id.* at 689, and counsel is "permitted to set priorities, determine trial strategy, and press those claims with the greatest chances of success." *United States v. Mason*, 774 F.3d 824, 828 (4th Cir. 2014). When reviewing a *Strickland* claim under the AEDPA, the court's review is doubly deferential. *See Harrington*, 562 U.S. at 105.

For *Strickland's* first prong, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690). For the second prong, a petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

3

A petitioner must overcome "a strong presumption" that counsel's tactical decisions during the representation were reasonably competent, and the court may adjudge counsel's performance deficient only when a petitioner demonstrates that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 689–90.[2] The court must deny relief if petitioner fails to establish either of the *Strickland* prongs. *See Spencer v. Murray*, 18 F.3d 229, 232–33 (4th Cir. 1994).

### III. DISCUSSION

The Fourth Circuit Court of Appeals has instructed district courts to generally dismiss habeas petitions that contradict the plea colloquy. *See States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."); *Fields v. Att'y Gen. of State of Md.*, 926 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representation he makes under oath during a plea colloquy."). Even if Anderson can establish deficient performance under this high standard, relief is unavailable unless "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

At the threshold, Anderson fails to demonstrate that "extraordinary circumstances" invalidate his guilty plea.[3] *Lemaster*, 403 F.3d at 221. At his plea hearing, Anderson told the

---

[2] "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough*, 540 U.S. at 8.
[3] In *Lemaster*, the Fourth Circuit Court of Appeals discussed *United States v. White*, 366 F.3d 291 (4th Cir. 2004), and *Fontaine v. United States*, 411 U.S. 213 (1973), in contemplating the "formidable barrier" that a

4

circuit court that he: pleaded guilty, understood the plea, was satisfied with the services of his attorney, and was pleading guilty because he was, in fact, guilty. Guilty Plea Hr'g Tr. 6-12 (Mar. 3, 2015). Anderson also stated that no threats or promises had been made to him, the written plea agreement contained the entire agreement, he understood the sentencing guidelines and that the guidelines were not binding on the court, he acknowledged that his maximum sentence could be life plus thirty-five years and thirty days, and he had discussed possible defenses with his attorney. After the Rule 11 colloquy, the circuit court accepted the guilty plea as knowingly and voluntarily made. Lastly, Anderson did not object to the Commonwealth's proffer of evidence.

Anderson alleges that he should not be bound by his statements during the plea colloquy because his attorney misadvised him by stating that, if he declined the plea agreement, the Commonwealth would bring four charges under Virginia Code § 18.2-308.4(C) in a superseding indictment, incurring a mandatory minimum sentence of twenty years. Pet'r's Resp. 6, Dkt. No. 14. Anderson argues that counsel's advice was incorrect because allowing multiple charges under § 18.2-308.4(C) for the same incident violates the Double Jeopardy Clause. On habeas review, the state court[4] held that counsel was not ineffective because his advice was legally correct: Anderson "could have been charged with two counts of violating [Va.] Code § 18.2-

---

petitioner must overcome to invalidate a properly conducted Rule 11 plea colloquy. In *White*, (1) the government admitted that the petitioner's plea was involuntary due to counsel's incorrect advice regarding whether the petitioner could conditionally plead guilty, (2) in pleading guilty, the petitioner relied on that mistaken advice from constitutionally ineffective counsel, and (3) neither the plea agreement nor the Rule 11 colloquy negated the erroneous advice provided by counsel. 366 F.3d at 300. In *Fontaine*, the Supreme Court of the United States held that petitioner's guilty plea was involuntary and coerced because he was severely physically and mentally ill, and uncounseled at the time of the plea. 411 U.S. at 214-15.

[4] The circuit court relied on *Kelsoe v. Commonwealth*, 308 S.E.2d 104, 104 (Va. 1983), which upheld three convictions under Virginia Code § 18.2-282 when the defendant pointed a firearm at three men standing close together, and *Shears v. Commonwealth*, 477 S.E.2d 309, 314 (Va. 1996), which upheld multiple firearm convictions based on multiple offenses of drug possession.

308.4(C)" because "[e]ach firearm possession constitute[d] a 'unit of prosecution.'" *Anderson v. Dillman*, No. CL16000151-00, slip op. at 4-5 (Va. Cir. Ct. Aug. 29, 2016).

However, Anderson contends that the plain language of § 18.2-308.4(C) does not support the circuit court's ruling and that no precedent exists for such a reading of the statute.[5] Furthermore, Anderson petitions the court to stay proceedings until the Supreme Court of Virginia can answer the certified question of whether Virginia Code § 18.2-308.4(C) permits separate units of prosecution for each of multiple firearms based on the same primary offense. Pet'r's Mot. to Stay 2, Dkt. No. 15.

Viewing the record in its entirety, it was not unreasonable for the state court to conclude that Anderson failed to demonstrate that he was misled into pleading guilty by counsel's deficient performance, or that there is a reasonable probability that, but for counsel misadvising him, he would not have pleaded guilty, and instead would have gone to trial.

First, the state court's interpretation of Virginia Code § 18.2-308.4(C) does not violate the Double Jeopardy Clause. The statute does not explicitly limit the Commonwealth to one charge for multiple firearms during a single temporal event, and, as Anderson concedes, no controlling precedent directly supports that limitation; therefore, the state court was not unreasonable in concluding that the Commonwealth could have brought two separate charges under Virginia Code § 18.2-308.4(C), one for each firearm. At the very least, as demonstrated by the varying interpretations of the circuit court and of Anderson's current counsel, trial

---

[5] Virginia Code § 18.2-308.4(C) states:
It shall be unlawful for any person to possess . . . any . . . firearm while committing . . . the possession with the intent to manufacture, sell, or distribute a controlled substance classified in Schedule I or Schedule II of the Drug Control Act . . . . A violation of this subsection is a Class 6 felony, and constitutes a separate and distinct felony and any person convicted hereunder shall be sentenced to a mandatory minimum term of imprisonment of five years. Such punishment shall be separate and apart from, and shall be made to run consecutively with, any punishment received for the commission of the primary felony.

6

counsel's performance did not fall below the *Strickland* standard because reasonable jurists could disagree on the issue.

Therefore, counsel's performance could not have been constitutionally deficient. *See Black v. United States*, 373 F.3d 1140, 1146 (11th Cir. 2004) (holding that "counsel's performance was not deficient for failing to predict what was not yet a certain holding").

Second, Anderson stated that a significant factor in accepting the plea agreement was that he did not want to risk a potential longer sentence at trial because of his advanced age. Collins Aff. 2, *Anderson*, No. CL16000151-00. Regardless of whether § 18.2-308.4(C) supports multiple units of prosecution, Anderson still could have received *at least* one five-year mandatory minimum sentence under Virginia Code § 18.2-308.4(C), and the Commonwealth could have reindicted Anderson as a violent felon, potentially incurring two more mandatory minimum five-year sentences for his felon in possession of a firearm charges. When combined with the mandatory five-year sentence on the methamphetamine charge, conviction under a potential superseding indictment could have resulted in a significantly longer mandatory minimum aggregate sentence than the active sentence Anderson received pursuant to the plea agreement. Therefore, Anderson has not shown that, but for counsel's alleged errors, he would not have pleaded guilty.

Third, Anderson alleges that he felt forced to plead guilty because counsel told him that the charges in the superseding indictment were "tenable, serious, and potentially indefensible." Pet'r's Pet. 6, Dkt. No. 1. However, Anderson's assertion conflicts with both his own and trial counsel's affidavits because Anderson unconditionally pleaded guilty before the court ruled on the motion to suppress, which trial counsel and Anderson acknowledge had a reasonable likelihood of success. Therefore, at the time he pleaded guilty, Anderson would have been aware

7

that he had a potential defense to both the original charges and any charges brought in a superseding indictment because the suppression issues would have stayed substantially the same.

Lastly, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Federal habeas courts do not intervene in matters of state law "unless it impugns the fundamental fairness of the trial." *Stockton v. Virginia*, 852 F.2d 740, 748 (4th Cir. 1988) (citing *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960)). The Supreme Court of the United States has "defined the category of infractions that violate 'fundamental fairness' narrowly. Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation."[6] *Estelle*, 502 U.S. at 73 (quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990)) (internal citations removed). A state court error in interpreting state law does not give rise to a federal Due Process issue unless it is "so gross, conspicuously prejudicial, or otherwise of such magnitude that it fatally infects the trial."[7] *McCafferty v. Leapley*, 944 F.2d 445, 452 (8th Cir. 1991).

Under *Estelle*, the federal habeas court cannot reexamine the Appomattox County Circuit Court's interpretation of Virginia Code § 18.2-308.4(C), even if it is incorrect, because Anderson has not demonstrated that the state court's alleged misinterpretation of § 18.2-308.4(C) violated the Double Jeopardy Clause or fatally infected his guilty plea.

---

[6] In *McGuire*, the petitioner argued that the trial judge incorrectly interpreted the California Evidence Code. However, "the Due Process Clause does not permit federal courts to engage in a finely tuned review of the wisdom of state evidentiary rules." *McGuire*, 502 U.S. at 72 (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438, n.6 (1983)).

[7] In *Lisenba v. California*, 314 U.S. 219 (1941), the Supreme Court of the United States held: "[D]enial of due process is the failure to observe that fundamental fairness essential to the very concept of justice. In order to declare a denial of it . . . the acts complained of must be of such quality as necessarily prevents a fair trial." *Id.* at 236. The Court gave examples: "when a coerced confession is used as a means of obtaining a verdict of guilt," "extort[ing] testimony from a defendant by physical torture," "[a] trial dominated by mob violence," "fraud, collusion, trickery and subornation of perjury [by the state]," and "by threats or promises . . . a defendant was induced to testify against himself." *Id.* at 237.

Anderson fails to show that "extraordinary circumstances" invalidated his guilty plea, or that the state habeas court's finding is contrary to, or an unreasonable application of, *Strickland*, or an unreasonable determination of facts. Further, since trial counsel's performance was not deficient, a stay is unnecessary to adjudicate Anderson's claim.

## IV. CONCLUSION

For the reasons stated, Anderson's habeas claim is without merit. Therefore, the court will grant the motion to dismiss Anderson's § 2254 petition and deny Anderson's pending motion to stay.

An appropriate order will enter this day.

Entered: March 5, 2018.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge